UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SARAH MARIE STROPE,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>KILOLO KIJAKAZI,<br>COMMISSIONER OF SOCIAL<br>SECURITY,[1]<br><br>　　　　　Defendant. | Case No.  1:20-cv-01222-HBK<br><br>OPINION AND ORDER TO REMAND CASE TO COMMISSIONER[2]<br><br>(Doc. No.  17) |

　　　　Sarah Marie Strope ("Plaintiff") seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner" or "Defendant") denying her application for disability insurance benefits under the Social Security Act.  (Doc. No. 1).  The matter is currently before the Court on the parties' briefs, which were submitted without oral argument.  (Doc. Nos. 17-19).  For the reasons stated, the Court orders this matter REMANDED for further administrative proceedings.

---

[1] Kilolo Kijakazi became the Acting Commissioner of Social Security on July 9, 2021.  Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Kilolo Kijakazi is substituted for Andrew M. Saul as the defendant in this suit.

[2] Both parties have consented to the jurisdiction of a magistrate judge in accordance with 28 U.S.C. §636(c)(1).  (Doc. No. 9).

## I. JURISDICTION

Plaintiff protectively filed for disability insurance benefits on January 26, 2017, alleging an onset date of November 20, 2012. (AR 197-200). Benefits were denied initially (AR 124-27), and upon reconsideration (AR 132-37). Plaintiff appeared before Administrative Law Judge Erin Justice ("ALJ") on October 2, 2019. (AR 85-108). Plaintiff was represented by counsel and testified at the hearing. (*Id*.). On October 16, 2018, the ALJ issued an unfavorable decision (AR 119-36), and on June 25, 2020 the Appeals Council denied review (AR 1-7). The matter is now before this Court pursuant to 42 U.S.C. § 1383(c)(3).

## II. BACKGROUND

The facts of the case are set forth in the administrative hearing and transcripts, the ALJ's decision, and the briefs of Plaintiff and Commissioner. Only the most pertinent facts are summarized here.

Plaintiff was 35 years old at the time of the hearing. (*See* AR 223). She graduated from college. (AR 227). She lives with her mother. (AR 89). Plaintiff has work history as a stock clerk and retail management trainee. (AR 91-93, 102-03). Plaintiff reported that during the relevant adjudicatory period she spent most of the day in the bathroom, had abdominal and lower back pain from her ulcerative colitis, and was in the restroom for 30 minutes to an hour at a time, 10 times a day, every day. (AR 89-90). She had one migraine per week that lasted for two to three days and had to lay down in a dark, quiet room with an icepack. (AR 91, 98-99). Plaintiff testified that she needed to be in proximity to a restroom at all times and had accidents once or twice a week. (AR 99-100).

## III. STANDARD OF REVIEW

A district court's review of a final decision of the Commissioner of Social Security is governed by 42 U.S.C. § 405(g). The scope of review under § 405(g) is limited; the Commissioner's decision will be disturbed "only if it is not supported by substantial evidence or is based on legal error." *Hill v. Astrue*, 698 F.3d 1153, 1158 (9th Cir. 2012). "Substantial evidence" means "relevant evidence that a reasonable mind might accept as adequate to support a conclusion." *Id*. at 1159 (quotation and citation omitted). Stated differently, substantial evidence

equates to "more than a mere scintilla[,] but less than a preponderance." *Id.* (quotation and citation omitted).  In determining whether the standard has been satisfied, a reviewing court must consider the entire record as a whole rather than searching for supporting evidence in isolation. *Id.*

In reviewing a denial of benefits, a district court may not substitute its judgment for that of the Commissioner.  "The court will uphold the ALJ's conclusion when the evidence is susceptible to more than one rational interpretation." *Tommasetti v. Astrue*, 533 F.3d 1035, 1038 (9th Cir. 2008).  Further, a district court will not reverse an ALJ's decision on account of an error that is harmless. *Id.*  An error is harmless where it is "inconsequential to the [ALJ's] ultimate nondisability determination." *Id.* (quotation and citation omitted).  The party appealing the ALJ's decision generally bears the burden of establishing that it was harmed. *Shinseki v. Sanders*, 556 U.S. 396, 409-10 (2009).

## IV.    FIVE-STEP SEQUENTIAL EVALUATION PROCESS

A claimant must satisfy two conditions to be considered "disabled" within the meaning of the Social Security Act.  First, the claimant must be "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(A).  Second, the claimant's impairment must be "of such severity that he is not only unable to do his previous work[,] but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 423(d)(2)(A).

The Commissioner has established a five-step sequential analysis to determine whether a claimant satisfies the above criteria.  See 20 C.F.R. § 404.1520(a)(4)(i)-(v).  At step one, the Commissioner considers the claimant's work activity.  20 C.F.R. § 404.1520(a)(4)(i).  If the claimant is engaged in "substantial gainful activity," the Commissioner must find that the claimant is not disabled.  20 C.F.R. § 404.1520(b).

If the claimant is not engaged in substantial gainful activity, the analysis proceeds to step two.  At this step, the Commissioner considers the severity of the claimant's impairment.  20

1  C.F.R. § 404.1520(a)(4)(ii).  If the claimant suffers from "any impairment or combination of
2  impairments which significantly limits [his or her] physical or mental ability to do basic work
3  activities," the analysis proceeds to step three.  20 C.F.R. § 404.1520(c).  If the claimant's
4  impairment does not satisfy this severity threshold, however, the Commissioner must find that the
5  claimant is not disabled.  20 C.F.R. § 404.1520(c).

6       At step three, the Commissioner compares the claimant's impairment to severe
7  impairments recognized by the Commissioner to be so severe as to preclude a person from
8  engaging in substantial gainful activity.  20 C.F.R. § 404.1520(a)(4)(iii).  If the impairment is as
9  severe or more severe than one of the enumerated impairments, the Commissioner must find the
10 claimant disabled and award benefits.  20 C.F.R. § 404.1520(d).

11      If the severity of the claimant's impairment does not meet or exceed the severity of the
12 enumerated impairments, the Commissioner must pause to assess the claimant's "residual
13 functional capacity."  Residual functional capacity (RFC), defined generally as the claimant's
14 ability to perform physical and mental work activities on a sustained basis despite his or her
15 limitations, 20 C.F.R. § 404.1545(a)(1), is relevant to both the fourth and fifth steps of the
16 analysis.

17      At step four, the Commissioner considers whether, in view of the claimant's RFC, the
18 claimant is capable of performing work that he or she has performed in the past (past relevant
19 work).  20 C.F.R. § 404.1520(a)(4)(iv).  If the claimant is capable of performing past relevant
20 work, the Commissioner must find that the claimant is not disabled.  20 C.F.R. § 404.1520(f).  If
21 the claimant is incapable of performing such work, the analysis proceeds to step five.

22      At step five, the Commissioner considers whether, in view of the claimant's RFC, the
23 claimant is capable of performing other work in the national economy.  20 C.F.R. §
24 404.1520(a)(4)(v).  In making this determination, the Commissioner must also consider
25 vocational factors such as the claimant's age, education and past work experience.  20 C.F.R. §
26 404.1520(a)(4)(v).  If the claimant is capable of adjusting to other work, the Commissioner must
27 find that the claimant is not disabled.  20 C.F.R. § 404.1520(g)(1).  If the claimant is not capable
28 of adjusting to other work, analysis concludes with a finding that the claimant is disabled and is

therefore entitled to benefits.  20 C.F.R. § 404.1520(g)(1).

The claimant bears the burden of proof at steps one through four above.  *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999).  If the analysis proceeds to step five, the burden shifts to the Commissioner to establish that (1) the claimant is capable of performing other work; and (2) such work "exists in significant numbers in the national economy."  20 C.F.R. § 404.1560(c)(2); *Beltran v. Astrue*, 700 F.3d 386, 389 (9th Cir. 2012).

## V.  ALJ'S FINDINGS

At step one, the ALJ found that Plaintiff did not engage in substantial gainful activity during the period of her alleged onset date of November 20, 2012 through her date last insured of September 30, 2013.  (AR 69).  At step two, the ALJ found that Plaintiff had the following severe impairment: ulcerative colitis.  (AR 69).  At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of a listed impairment.  (AR 70).  The ALJ then found that Plaintiff has the RFC "to perform a full range of work at all exertional levels but with the following nonexertional limitations: the claimant needs to work within a 5 minute walk to the bathroom and needs a 5 minute break every 2 hours."  (AR 70).  At step four, the ALJ found that Plaintiff was capable of performing past relevant work as a stock clerk.  (AR 72).  In the alternative, at step five, the ALJ found that considering Plaintiff's age, education, work experience, and RFC, there were other jobs that existed in significant numbers in the national economy that Plaintiff could have performed, including: kitchen helper, laundry worker, and courtesy clerk.  (AR 73).  On that basis, the ALJ concluded that Plaintiff was not under a disability, as defined in the Social Security Act, at any time from November 20, 2012, the alleged onset date, through September 30, 2103, the date last insured.  (AR 74).

## VI.  ISSUES

Plaintiff seeks judicial review of the Commissioner's final decision denying her disability insurance benefits under Title II of the Social Security Act.  (Doc. No. 1).  Plaintiff raises the following issues for this Court's review:

1. Whether the ALJ properly considered Plaintiff's subjective complaints;

5

2. Whether the ALJ erred at step three; and

3. Whether the ALJ erred in assessing the RFC.

(Doc. No. 17 at 21-30).

### VII. DISCUSSION

**A. Symptom Claims**

An ALJ engages in a two-step analysis when evaluating a claimant's testimony regarding subjective pain or symptoms. *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035-36 (9th Cir. 2007). The ALJ first must determine whether there is "objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged." *Id*. (internal quotation marks omitted). "The claimant is not required to show that his impairment could reasonably be expected to cause the severity of the symptom he has alleged; he need only show that it could reasonably have caused some degree of the symptom." *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009) (internal quotation marks omitted).

Second, "[i]f the claimant meets the first test and there is no evidence of malingering, the ALJ can only reject the claimant's testimony about the severity of the symptoms if [the ALJ] gives 'specific, clear and convincing reasons' for the rejection." *Ghanim v. Colvin*, 763 F.3d 1154, 1163 (9th Cir. 2014) (internal citations and quotations omitted). "General findings are insufficient; rather, the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Id*. (quoting *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995)); *Thomas v. Barnhart*, 278 F.3d 947, 958 (9th Cir. 2002) ("[T]he ALJ must make a credibility determination with findings sufficiently specific to permit the court to conclude that the ALJ did not arbitrarily discredit claimant's testimony."). "The clear and convincing [evidence] standard is the most demanding required in Social Security cases." *Garrison v. Colvin*, 759 F.3d 995, 1015 (9th Cir. 2014) (quoting *Moore v. Comm'r of Soc. Sec. Admin.*, 278 F.3d 920, 924 (9th Cir. 2002)).

Here, the ALJ found Plaintiff's medically determinable impairments could reasonably be expected to cause some of the alleged symptoms; however, Plaintiff's "statements concerning the intensity, persistence, and limiting effects of these symptoms are not entirely consistent with the

medical evidence and other evidence in the record" for several reasons. (AR 71). First, the ALJ found that Plaintiff reported improvement during the relevant adjudicatory period; and second, the ALJ cited Plaintiff's allegedly "inconsistent" statements about her symptom claims. (AR 72). In evaluating the severity of Plaintiff's symptoms, the ALJ may consider inconsistencies in Plaintiff's statements, and between her testimony and her conduct. *See Thomas*, 278 F.3d at 958-59; *Tommasetti v. Astrue*, 533 F.3d 1035, 1039 (9th Cir. 2008) (prior inconsistent statements may be considered). Moreover, a favorable response to treatment can undermine a claimant's complaints of debilitating pain or other severe limitations. *See Tommasetti*, 533 F.3d at 1040; *Warre v. Comm'r of Soc. Sec. Admin.*, 439 F.3d 1001, 1006 (9th Cir. 2006) (conditions effectively controlled with medication are not disabling for purposes of determining eligibility for benefits).

In support of these findings, however, the ALJ relies on a single treatment record from December 12, 2013. (AR 391). As to alleged improvement, the ALJ briefly notes that Plaintiff "had been placed on new medication and reported improvement, as she was having only four to five bowel movements per day. She had normal bowel sounds without any distension or tenderness." (AR 72, 391). The ALJ then relies on the exact same treatment note to find that Plaintiff's statements regarding her symptoms were inconsistent because Plaintiff "did have ongoing bowel movement issues during the relevant period, however, she reported in [December] 2013 that the frequency of them had diminished and she also retained her appetite, had normal bowel sounds, and no abdominal tenderness." (*Id*.). Plaintiff argues that these are not clear and convincing reasons, supported by substantial evidence, for the ALJ to discount Plaintiff's symptom claims. (Doc. No. 17 at 25). The Court agrees.

As noted by Plaintiff, the same treatment record cited by the ALJ in support of this finding also points out that Plaintiff was unable to tolerate the medication due to nausea, weakness, vomiting, and a 30-pound weight loss. The treating provider explicitly indicated that "there is a concern of intolerance given her symptoms with weight loss of 30 pounds," and the provider decreased the dosage pending review of laboratory work and Plaintiff's symptoms going forward. (AR 391). Thus, regardless of any reduction of symptoms reported at a single treatment visit, the "medical record relied upon by the ALJ certainly does not demonstrate that [Plaintiff's] ulcerative

7

1  colitis had resolved or been effectively treated." (Doc. No. 17 at 25). Similarly, as to the ALJ's
2  reliance on allegedly inconsistent statements, the ALJ incorrectly states that Plaintiff reported at
3  the December 12, 2013 treatment visit that she "retained her appetite"; rather, the record
4  specifically notes that Plaintiff had lost 30 pounds, was "unable to tolerate oral intake, [and
5  reported] nausea, vomiting, and weakness." (AR 391). Defendant argues that the ALJ "properly
6  found [Plaintiff's] symptom statements inconsistent with the record, including her own testimony
7  and statements to her providers and other activities"; and in support of this argument Defendant
8  cites evidence in the record that, despite testifying that she always had to be close to a bathroom
9  and had accidents one or twice a week, Plaintiff took one trip during the relevant period and
10 "never reported to providers that she had accidents." (Doc. No. 18 at 23). The Court is not
11 permitted to consider reasoning that was not offered by the ALJ in the decision. *Bray v. Comm'r*
12 *of Soc. Sec. Admin.,* 554 F.3d 1219, 1226 (9th Cir. 2009) (the Court "review[s] the ALJ's decision
13 based on the reasoning and factual findings offered by the ALJ-not post hoc rationalizations that
14 attempt to intuit what the adjudicator may have been thinking.").[3]

15     Based on the foregoing, the Court finds the ALJ's reliance on a single report of
16 improvement of Plaintiff's symptoms, without consideration of the extent of symptoms still being
17 reported or whether she could tolerate medication going forward, does not rise to the level of
18 substantial evidence to support discounting her symptom claims because of alleged inconsistent
19 statements or improvement with treatment. *See Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 883–
20 84 (9th Cir. 2006) ("single discrepancy fails to justify the wholesale dismissal of Plaintiff's
21 testimony"). These were not clear and convincing reasons to reject Plaintiff's symptom claims.

22     Third, the ALJ cited objective evidence from the adjudicatory period that was "not
23 entirely consistent with" Plaintiff's symptom claims, including: normal CT findings in September
24 2012, a negative stool sample, and mild abdominal tenderness. (AR 71-72, 407-08, 418).

---

[3] The Court further notes that this evidence of alleged "improvement" was dated December 12, 2013, which is outside of the very brief relevant adjudicatory period between Plaintiff's alleged onset date of November 20, 2012 and the date last insured of September 30, 2013. (AR 391; *See Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1165 (9th Cir. 2008) (medical opinions outside the relevant period is of limited relevance).

However, as noted by Plaintiff, regardless of whether the ALJ erred in finding Plaintiff's symptom claims were not corroborated by objective evidence, it is well-settled in the Ninth Circuit that an ALJ may not discredit a claimant's pain testimony and deny benefits *solely* because the degree of pain alleged is not supported by objective medical evidence. (Doc. No. 17 at 26) (citing *Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001) (emphasis added))); *Bunnell v. Sullivan*, 947 F.2d 341, 346-47 (9th Cir. 1991); *Fair v. Bowen*, 885 F.2d 597, 601 (9th Cir. 1989). As discussed above, the additional reasons given by the ALJ for discounting Plaintiff's symptom claims were not supported by substantial evidence. Thus, because lack of corroboration by the objective evidence cannot stand alone as a basis for rejecting Plaintiff's symptom claims, the ALJ's finding is inadequate.

The Court concludes that the ALJ did not provide clear and convincing reasons, supported by substantial evidence, for rejecting Plaintiff's symptom claims. On remand, the ALJ must reconsider Plaintiff's symptom claims.

**B. Additional Assignments of Error**

Plaintiff additionally argues that: (1) the ALJ erred at step three by failing to adequately consider whether Plaintiff's ulcerative colitis met or medically equaled a listing, and (2) erred in formulating the assessed RFC because the ALJ rejected all of the medical opinion evidence and Plaintiff's subjective claims. (Doc. No. 17 at 21-23, 27-30). Because the analysis of step three and assessment of the RFC is dependent on the ALJ's reevaluation of Plaintiff's symptom claims, the Court declines to address these challenges in detail here. On remand, the ALJ is instructed to reconsider Plaintiff's symptom claims and conduct a new sequential analysis considering all of the evidence in the record, including a reevaluation of step three, and a reassessment of the RFC and step five finding if necessary.

**C. Remedy**

Plaintiff contends that the Court should remand for a payment of benefits. (Doc. No. 17 at 30-31). The decision whether to remand for further proceedings or reverse and award benefits is within the discretion of the district court. *McAllister v. Sullivan*, 888 F.2d 599, 603 (9th Cir. 1989). An immediate award of benefits is appropriate where "no useful purpose would be served

by further administrative proceedings, or where the record has been thoroughly developed," *Varney v. Sec'y of Health & Human Servs.*, 859 F.2d 1396, 1399 (9th Cir. 1988), or when the delay caused by remand would be "unduly burdensome[.]" *Terry v. Sullivan*, 903 F.2d 1273, 1280 (9th Cir. 1990); *see also Garrison*, 759 F.3d at 1021 (noting that a district court may abuse its discretion not to remand for benefits when all of these conditions are met). This policy is based on the "need to expedite disability claims." *Varney*, 859 F.2d at 1401. But where there are outstanding issues that must be resolved before a determination can be made, and it is not clear from the record that the ALJ would be required to find a claimant disabled if all the evidence were properly evaluated, remand is appropriate. *See Benecke v. Barnhart*, 379 F.3d 587, 595-96 (9th Cir. 2004); *Harman v. Apfel*, 211 F.3d 1172, 1179-80 (9th Cir. 2000).

The Court finds that further administrative proceedings are appropriate. *See Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1103-04 (9th Cir. 2014) (remand for benefits is not appropriate when further administrative proceedings would serve a useful purpose). Here, the ALJ improperly considered Plaintiff's symptom claims, which calls into question whether the assessed RFC, and resulting hypothetical propounded to the vocational expert, are supported by substantial evidence. "Where," as here, "there is conflicting evidence, and not all essential factual issues have been resolved, a remand for an award of benefits is inappropriate." *Treichler*, 775 F.3d at 1101. Instead, the Court remands this case for further proceedings. On remand, the ALJ should reevaluate Plaintiff's symptom claims, as well as all relevant medical evidence. If necessary, the ALJ should order additional consultative examinations and, if appropriate, take additional testimony from medical experts. The ALJ should conduct a new sequential analysis, reassess Plaintiff's RFC and, if necessary, take additional testimony from a vocational expert which includes all of the limitations credited by the ALJ.

Accordingly, it is **ORDERED**:

1. Pursuant to sentence four of 42 U.S.C.§ 405(g), the Court REVERSES the Commissioner's decision and REMANDS this case back to the Commissioner of Social Security for further proceedings consistent with this Order.

2. An application for attorney fees may be filed by separate motion.

3.  The Clerk shall terminate any motions and deadlines and close this case.

Dated:   March 7, 2022

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE